# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL ROSIE LOPEZ TREVIZO, <br><br> Petitioner, <br><br> v. <br><br> DEAN BORDERS, Warden, <br><br> Respondent. | Case No. 1:16-cv-01845-DAD-SKO (HC) <br><br> ORDER SETTING BRIEFING SCHEDULE ON REMAND |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and Local Rule 304.

On March 31, 2019, the District Court dismissed the petition as untimely and entered judgment. (Docs. 50, 51.) Petitioner appealed to the Ninth Circuit Court of Appeals. (Doc. 52.) On September 15, 2020, the Ninth Circuit issued an order granting Petitioner's motion to vacate the judgment in part and remanding the matter to the District Court for further proceedings. (Doc. 56.) The Ninth Circuit granted a limited remand to allow the District Court to determine in the first instance whether Petitioner's habeas petition is timely in light of the January 26, 2015, state court decision.[1] The Ninth Circuit further directed the Court to reevaluate equitable tolling for

---

[1] In the January 26, 2015, decision, the Tulare County Superior Court granted the habeas petition, reduced a charge to a misdemeanor and discharged Petitioner as to that case. (Lodged Doc. 5.) The Ninth Circuit has held

1

the relevant time period.

Accordingly, IT IS HEREBY ORDERED:

1) Respondent is GRANTED forty-five (45) days from the date of service of this order to supplement the record with additional evidence and to submit briefing on the issue whether the federal petition is timely in light of the January 26, 2015, state court determination.

2) Petitioner is GRANTED forty-five (45) days from the date of Respondent's filing to file a brief in opposition.

IT IS SO ORDERED.

Dated:     **September 22, 2020**                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE

---

that a new AEDPA one-year limitations period commences where a judgment has been amended. Smith v. Williams, 871 F.3d 684 (9th Cir. 2017).