# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL ROSIE LOPEZ TREVIZO,<br><br>Petitioner,<br><br>v.<br><br>DEAN BORDERS, Warden,<br><br>Respondent. | Case No.  1:16-cv-01845-DAD-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter has been referred to the undersigned for findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and Local Rule 304.

On March 31, 2019, the District Court dismissed the petition as untimely and entered judgment. (Docs. 50, 51.) Petitioner appealed to the Ninth Circuit Court of Appeals. (Doc. 52.) On September 15, 2020, the Ninth Circuit issued an order granting Petitioner's motion to vacate the judgment in part and remanding the matter to the District Court for further proceedings. (Doc. 56.) The Ninth Circuit granted a limited remand to allow the District Court to determine in the first instance whether Petitioner's habeas petition is timely in light of the January 26, 2015, state court decision.[1]

---

[1] In the January 26, 2015, decision, the Tulare County Superior Court granted the habeas petition, reduced a charge to a misdemeanor and discharged Petitioner as to that case. (Lodged Doc. 5.)  The Ninth Circuit has held

1

On September 22, 2020, the Court issued a scheduling order directing the parties to provide briefing on the issue whether the federal petition is timely in light of the January 26, 2015, state court determination.  On December 3, 2020, Respondent filed a supplemental brief on remand. (Doc. 61.)  Respondent submits that the parties and the Court operated on the incorrect premise that Petitioner's custody flowed only from the 2004 judgment, when in fact the 2004 judgment had been replaced (because of a combined resentencing due to state habeas relief in a related matter) by a 2015 judgment.  Respondent states he has been unable to locate any state documents which would prove or disprove timeliness.  Because Respondent cannot prove the petition is untimely, Respondent has withdrawn his argument that the petition is untimely.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the District Court determine that the petition for writ of habeas corpus was timely filed in light of the January 26, 2015, state court decision.

This Findings and Recommendation is submitted to the assigned District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after service of the proposed Findings and Recommendation, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to any objections may be filed within ten (10) days after date of service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 19, 2021**            /s/ *Sheila K. Oberto*

---

that a new AEDPA one-year limitations period commences where a judgment has been amended. Smith v. Williams, 871 F.3d 684 (9th Cir. 2017).

2

UNITED STATES MAGISTRATE JUDGE