UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL ROSIE LOPEZ TREVIZO,<br><br>    Petitioner,<br><br>    v.<br><br>DEAN BORDERS,<br><br>    Respondent. | No. 1:16-cv-01845-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 77) |

    Petitioner April Rosie Lopez Trevizo is a state prisoner represented by court-appointed counsel proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On October 19, 2021, the assigned magistrate judge issued findings and recommendations, recommending that the pending federal habeas petition be denied on its merits. (Doc. No. 77.) Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service. On November 18, 2021, counsel filed objections to the findings and recommendations on petitioner's behalf. (Doc. No. 78.)

    In those objections, petitioner argues that she exhausted her first ineffective assistance of counsel claim by raising that claim in the state habeas petition she filed with the California Court

of Appeal for the Fifth Appellate District and by then attaching that petition as an exhibit to her subsequent habeas petition filed with the California Supreme Court. (*Id.* at 2–3.)[1] Petitioner asserts that those attached exhibits were incorporated and adopted by reference into her petition filed with the California Supreme Court and the claim was therefore properly exhausted by its presentation to California's highest court. (*Id.* at 3.) Petitioner has raised no other objections to the pending findings and recommendations. (*Id.*)

Although the record is not entirely clear in this regard, it does appear that petitioner attached the *pro se* habeas petition she had filed with the Tulare County Superior Court, in which she raised an ineffective assistance claim and referred to the plea bargaining stage of her case, to the habeas petition she filed in the California Supreme Court. Petitioner was proceeding *pro se* in filing the state court habeas petitions and, of course, pro se filings (particularly those filed by prisoners) are to be construed liberally. *United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) and *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995)). Of course, a federal habeas petitioner satisfies the exhaustion requirement only by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). In the pending objections, petitioner relies upon the decisions in *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995) and *Dye v. Hofbauer*, 546 U.S. 1, 3–4 (2005) in arguing that proper exhaustion of the ineffective

---

[1] In advancing this objection, petitioner's counsel has provided citations, presumably to the record, in support of petitioner's argument that her ineffective assistance of counsel during plea negotiations claim was properly exhausted because it was presented to the California Supreme Court by way of the attachment of her habeas petition filed with the Tulare County Superior Court. (Doc. No. 78 at 2.) Counsel provides citations to "ECF 28, Lodged Document 33040237" "ECF 28, Lodged Doc., 33028131" and "ECF 28, Lodged Document 33021555 at 00006" in this regard (*Id.* at 2–3.) However, these citations have proven somewhat unhelpful to the court because it cannot determine what document or page they refer to. Docket Number 28 is merely a Notice of Lodging/Filing of Paper Documents and the court has been unable to identify any pages in that paper lodging in the court's record designated as "33040237," "33028131," or "33021555 at 00006." Nonetheless, because the undersigned is declining to adopt the recommendation that petitioner be denied habeas relief as to her ineffective assistance of counsel during plea negotiations claim based on her failure to exhaust that claim, this uncertainty has no impact on the court's resolution of the pending petition.

assistance of counsel at plea bargaining claim was accomplished by attachment. The undersigned does not read those decisions as providing clear or strong support for petitioner's objection regarding the exhaustion issue, though they provide some basis for the argument. However, "a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987) ("[T]here are some cases in which it is appropriate for an appellate court to address the merits of a habeas corpus petition notwithstanding the lack of complete exhaustion.")). Such is the case here and the undersigned will decline to adopt the findings and recommendations to the extent they recommend denial of the pending petition on the ground of petitioner's failure to exhaust the ineffective assistance of counsel claim.

Nonetheless, the undersigned concurs with the magistrate judge's reasoning that petitioner's claim must be rejected on its merits because: 1) it is barred by the terms of petitioner's plea agreement in the underlying state court criminal case; 2) petitioner has not demonstrated that her trial court counsel provided her ineffective assistance in connection with plea negotiations; and 3) finally, petitioner has not demonstrated any prejudice resulting from her counsel's alleged ineffective assistance. (Doc. No. 77 at 8–10.) Petitioner's objections present no grounds for questioning the magistrate judge's analysis and rejection of her ineffective assistance of counsel claim on the merits.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue

a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.  If a court denies a petitioner's habeas petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on October 19, 2021 (Doc. No. 77) are adopted in part;
2. The petition for writ of habeas corpus is denied on the merits;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 14, 2022**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE